UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRESH PATCH, LLC,

      Plaintiff,

v.                           CASE NO.: 8:13-cv-2602-SDM-AEP

NATALIE YOUN, et al.,

      Defendants.

_____/

## ORDER

The plaintiff sues (Doc. 1) for patent infringement.  The defendants move

(Doc. 16) to dismiss for lack of personal jurisdiction and for failure to state a claim;

alternatively, the defendants move (Doc. 16) to transfer this action to the Central

District of California.  The plaintiff responds in opposition.  (Doc. 23)

### Background

The plaintiff manufactures and distributes "portable and disposable living-

grass pet toilets."  (Doc. 1 at 2)  The plaintiff claims the Middle District of Florida as

its principal place of business.  The plaintiff's president claims to reside in the Middle

District of Florida.  (Doc. 23 at 13)  The defendants offer a "subscription service

providing dog-owners with [portable and disposable] grass for their dogs to access a

bathroom."[1]  (Doc. 16 at 3)  The defendants claim the Central District of California as their principal place of business.

## Discussion

The defendants request a transfer to the Central District of California because "all . . . the parties, witnesses, and documents are located in or near Los Angeles, California." (Doc. 16 at 2)  The plaintiff claims "substantial ties to the Middle District of Florida . . . [and that the defendants'] Motion fails to demonstrate why Plaintiff's choice to litigate in [Florida] should be disturbed." (Doc. 23 at 2)  "The burden is on the defendant, when it is the moving party, to establish that there should be a change in forum." *Mason v. Smithkline Beecham Clinical Labs.*, 146 F. Supp. 2d 1355, 1359 (S.D. Fla. 2001).

Section 1404(a) states, "[F]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[2]  28 U.S.C. § 1404(a) (2012).  Several factors influence the propriety of transfer:

> Section 1404 factors include (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the

---

[1] The plaintiff sues DoggieLawn and Natalie Youn; Youn is DoggieLawn's founder and president. (Doc. 16 at 3)

[2] The plaintiff concedes that a proper venue includes the Central District of California. (Doc. 23 at 12)

> interests of justice, based on the totality of the
> circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

    1.  *Convenience of the Witnesses*

       The defendants argue for transfer to the Central District of California because most potential witnesses, including the non-party witnesses, either reside in, or regularly visit, the Central District of California.  Also, the Central District of California contains most of the evidence in this action.  (Doc. 16 at 14)  The plaintiff claims that each of the witnesses, including the non-party witnesses, resides in a state other than Florida or California.

       "Important considerations under this factor are whether the[] witnesses have actual knowledge about the issues in the case, where they are located, and whether it will be more convenient for them if the action is in Florida or [California]."  *Cellularvision Tech. & Telecomm., L.P. v. Alltel Corp.*, 508 F. Supp. 2d 1186, 1190 (S.D. Fla. 2007).  Although the plaintiff identifies non-party witnesses located throughout the United States, none of the non-party witnesses is located in Florida.  In contrast, the defendants identify the employees of three competitors (Pooch Potty, PetaPotty, and Porch Potty) and the employees of a supplier (Southland Sod Farms), which employees are non-party witnesses who reside in California.  Additionally, the defendants explain that "the plaintiff assembles its product near Los Angeles and ships . . . its product[] from California."  (Doc. 16 at 13)  Because the witnesses predominately reside in California, this factor commends a transfer.

- 3 -

2.  *Location of Relevant Documents and Relative Access to Proof*

The defendants claim that the documentary evidence is located in California. "In patent infringement cases, 'the bulk of the relevant evidence usually comes from the accused infringer.  Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location.'"  *Suomen Colorize Oy v. DISH Network L.L.C.*, 801 F. Supp. 2d 1334, 1339 (M.D. Fla. 2011) (citation omitted). Although electronics mitigates the inconvenience, conducting from California discovery of documents (and the documents' custodians) located mostly in California is more convenient than conducting from Florida discovery of documents located mostly in California.  On balance, this factor favors transfer.

3.  *Convenience of the Parties and Relative Means of the Parties*

According to the defendants, "both Defendants have limited resources, and both would experience hardship in having to defend litigation in the Middle District of Florida." (Doc. 16 at 16)  The record supports the defendants' uncontroverted contention that DoggieLawn "has five . . . part-time employees, all of whom work in the company's Los Angeles headquarters.  [DoggieLawn] has no full-time employees.  All . . . operations (including product assembly and shipping) take place at the Los Angeles-based headquarters.  DoggieLawn is a young start-up with limited resources." (Doc. 16 at 3)  In contrast, the plaintiff's annual revenue ranges from $1 million to $2.5 million, the plaintiff retained attorneys in Los Angeles for this action, and the plaintiff is headquartered in California.  In sum, "litigating in the Central

District of California is at least as easy [for the plaintiff] as litigat[ing] in the Middle District of Florida." (Doc. 16 at 16)  The plaintiff alleges that its principal place of business is the Middle District of Florida but fails to identify an employee or office in the Middle District of Florida and fails to quantify the location and amount of any business in the Middle District of Florida.  Additionally, the plaintiff's website describes the plaintiff as a "Los-Angeles and Miami-based company." (Doc. 16 at 4) Because litigation in the Central District of California is for both parties more convenient, and therefore, more cost effective, this factor commends a transfer.

4. *Locus of Operative Facts*

"In patent cases, the preferred forum is the defendant's place of business because that usually constitutes the 'center of gravity of the alleged patent infringement.'" *In re World Wide Med. Tech. LLC.*, 2012 WL 1252423, at *2 (N.D. Fla. Apr. 13, 2012).  The "center of gravity" in this action is California.  The defendants' principal place of business is California, and the defendants "manufacture and distribute" from California. (Doc. 16 at 4)  "Most of the operative facts and probative evidence likely occurred or reside in California, where [the defendants] developed and built the accused product." *Lo-Q PLC v. QLess, Inc.*, 2012 WL 1551277, at *1 (M.D. Fla. Apr. 30, 2012).  This factor commends a transfer.

5. *Availability to Compel Attendance of Unwilling Witnesses*

The defendants name as witnesses several employees of Southland Sod Farms (a supplier for the plaintiff and the defendants) and three competitors, each of which

is located in California.  The plaintiff fails to name a witness located in the Middle District of Florida.  The more convenient and reliable participation of non-party witnesses commends transfer to the Central District of California.

6.  *A Forum's Familiarity with the Governing Law*

The defendants acknowledge that "[t]he Central District of California and the Middle District of Florida are equally well-versed in patent law." (Doc. 16 at 18) The plaintiff concedes that either district is capable of considering an infringement action.  This factor is neutral.

7.  *The Plaintiff's Choice of Forum*

"[W]here a plaintiff has chosen a forum that is not its home forum, only minimal deference [to the plaintiff's selection] is required, and it is considerably easier to satisfy the burden of showing that other considerations make transfer proper." *Motorola Mobility, Inc. v. Microsoft Corp.*, 804 F. Supp. 2d 1271, 1276 (S.D. Fla. 2011) (internal quotation marks omitted).  "Furthermore, where the operative facts underlying the cause of action did not occur within the forum chosen by the plaintiff, the choice of forum is entitled to less consideration." *Windmere Corp. v. Remington Prods., Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985).

The alleged infringement occurred in California.  The defendants correctly argue that "the majority of the operative events occurred outside [the Middle District of Florida], and it is unclear whether the Middle District of Florida is even the plaintiff's home district." (Doc. 16 at 17)  The plaintiff manufactures and ships

product from California.  (Doc. 16 at 4)  The plaintiff acquires grass from a California company.  The three principal competitors of the plaintiff are located in California.  This factor commends a transfer.

8.  *Trial Efficiency[3] and the Interests of Justice*

The defendants argue that justice is best served in the Central District of California because California constitutes the "center of gravity" of the alleged infringement.  (Doc. 16 at 19)  The plaintiff maintains that Florida has an interest in protecting Floridians against tortious conduct in the "home forum"[4] (the plaintiff's assertion that the Middle District of Florida is its "home forum" is questionable, at best).  Because the majority of operative facts occurred in California and because the witnesses, documents, and parties are located in California, the interests of justice commend transfer to the Central District of California.

## Conclusion

The defendants' motion (Doc. 16) to transfer venue is **GRANTED**.

Accordingly, the clerk is directed to **TRANSFER** this action to the Central District

---

[3] Trial efficiency factors little in determining whether to transfer to the Central District of California. Citing figures from the Federal Court Management Statistics, the defendants assert that in 2013 the Middle District of Florida averaged 9.2 months from filing to disposition and 19.8 months from filing to trial. Conversely, in 2013 the Central District of California averaged 5.9 months from filing to disposition and 19.9 months from filing to trial. (Doc. 16 at 18) The three months' difference in filing is unimportant in assessing transfer.

[4] The plaintiff's argument rests on an opinion governing personal jurisdiction rather than venue. *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1367 (Fed.Cir. 2006).

of California.  The defendants' motion (Doc. 16) to dismiss for lack of personal

jurisdiction is **DENIED AS MOOT**.[5]

      **ORDERED** in Tampa, Florida, on July 25, 2014.

                                                STEVEN D. MERRYDAY
                                        UNITED STATES DISTRICT JUDGE

---

[5] Even absent personal jurisdiction over the defendants, transfer to the Central District of California is proper. *Lafferty v. St. Riel*, 495 F.3d 72, 80 (3d Cir. 2007) (explaining that a § 1404(a) transfer is available even absent personal jurisdiction).